UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAIL DOMINICK | CIVIL ACTION |
| VERSUS | NUMBER: 20-2713 |
| CHAD F. WOLF, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY | SECTION: "L"(5) |

### ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment. (Rec. doc. 15). Plaintiff filed an opposition to the motion (Rec. doc. 18), and Defendant filed a reply. (Rec. doc. 21). For the following reasons, the Court grants Defendant's Motion for Summary Judgment. (Rec. doc. 15).

**I.   Background**

The Federal Emergency Management Agency ("FEMA") is part of the U.S. Department of Homeland Security and is responsible for, *inter alia*, administering and coordinating any Federal governmental response to Presidentially-declared disasters pursuant to the Robert T. Stafford Disaster Relief and Emergency Assistance Act (the "Stafford Act"), 42 U.S.C. §§ 5121 *et seq.* FEMA's role is to provide Federal assistance to State and local governments in the event of a Presidentially-declared disaster or emergency by providing, *inter alia*, "[f]ederal assistance programs for public and private losses and needs sustained in disasters." 44 C.F.R. § 206.3(a).

Responding to disasters requires specialized staffing. FEMA is thus authorized by the Stafford Act to hire temporary personnel outside certain hiring requirements of the federal personnel laws, found in Title 5 of the United States Code, to perform necessary

functions in support of the disaster site and to deliver emergency-related services for which it does not have adequate full-time employees. 42 U.S.C. § 5149(b). Unlike permanent, full-time staff, employees hired under the Stafford Act do not enter FEMA through a competitive, merits-based hiring process. Therefore, they do not acquire the same rights as those conferred upon individuals in the competitive service. *See Willis v. Dep't of Homeland Security*, 2009 MSPB LEXIS 7742 (M.S.P.B. Nov. 24, 2009).

Under the Stafford Act, FEMA employs Cadre On-Call Response Employees ("COREs"), at-will employees hired pursuant to 42 U.S.C. § 5149(b) to provide continuity of service for long-term, disaster-related projects and activities at FEMA's fixed-site locations. COREs are typically hired for two- or four-year term appointments with full Federal benefits.

Plaintiff Gail Dominick worked as a CORE Administrative Assistant in FEMA's Public Assistance ("PA") office in its Louisiana Integration and Recovery Office ("LIRO") in New Orleans since June 2006. FEMA opened the LIRO as the Louisiana Recovery Office following Hurricane Katrina. FEMA hired Dominick, a White female, in January 2006. (Rec. doc. 15-11 at pp. 11-12). The LIRO is a temporary office, which will eventually close, with any remaining Louisiana disaster recovery work transitioned to FEMA's regional office in Denton, Texas. Dominick was aware that her position in New Orleans was not permanent. (Rec. doc. 15-11 at p. 5).

In approximately late December 2016 to early January 2017, the New Orleans PA office implemented new software that reduced the workload of three Administrative Assistants, Bonnie Harpster, Avis Evans, and Dominick. (Rec. doc. 15-14 at pp. 104-05). With the new software, project specialists could enter data directly into the computer

system and no longer needed the administrative staff to scan and upload project worksheets. (Rec. doc. 15-8). As a result, Eddie Williams tasked a PA supervisor, Albert Walters (Dominick' third-line supervisor), with developing a rightsizing[1] plan, which included a workload assessment and a revised staffing plan to send to the Agency's Office of the Chief Component Human Capital Officer ("OCCHCO") for approval. (Rec. doc. 15-14 at p. 105).

In January 2017, Williams held a meeting with the three PA Administrative Assistants, Harpster, Evans, and Dominick, to inform them that a rightsizing would occur. (Rec. doc. 15-11 at p. 8). In February 2017, Dominick received her 2016 annual performance evaluation with a summary rating of "Achieved Expectations." (Rec. doc. 15-4 at p. 110). Following the receipt of her evaluation, Dominick met with her supervisor, Tiffany Martin, to express her feeling that her rating did not take into account all of her additional job duties. (Rec. doc. 15-4 at. P. 54). Martin asked Dominick to email her a list of the "additional duties." (*Id.*).   Dominick did not respond to Martin. (Rec. doc. 15-11 at p. 10). For the same rating period as Dominick had received her evaluation of "Achieved Expectations," Harpster and Evans had each been evaluated at "Exceeded Expectations."

On or about April 18, 2017, Williams sent the rightsizing plan for approval to OCCHCO, which is located at the Agency's headquarters in Washington, D.C. and at an office in Winchester, Virginia. (Rec. doc. 15-9). According to the rightsizing procedures, when there is a reduction of individuals occupying the same position, the following criteria will determine who will be retained:

> A. The second line supervisor provides to OCCHCO the summary rating of the COREs for the most recent performance evaluation year.

---

[1] "Rightsizing" is the process of terminating employees when the workload diminishes. (Rec. doc. 1 at ¶ 51).

> B. If individuals receive the same summary rating, the service computation date is used to retain the individual with the longest service record.

(Rec. doc. 15-7 at p. 69).

Williams sent the rightsizing package, the assessment, performance evaluations, and service computation records to OCCHCO to determine who would be retained and who would be terminated. (Rec. doc. 15-14 at p. 279). Shannon Blair, an OCCHCO Branch Chief, confirms that her office makes the determination on retention. (Rec. doc. 15-15 at ¶¶ 8-9).

On April 25, 2017, all three Administrative Assistants – Dominick, Harpster, and Evans – attended another meeting at which they were given a General Advance Notice of the rightsizing. (Rec. doc. 15-10). The letter provided a 60-day notice that a rightsizing would occur at the Agency. (*Id.*).

After consideration of the 2016 performance evaluations and with seniority as the tie breaker, FEMA ultimately decided to retain Evans and to terminate Harpster and Dominick. One month later, on May 25, 2017, Dominick, along with Harpster, received notices of termination of appointment. (Rec. doc. 15-4 at pp. 63, 66). The notices encouraged Dominick and Harpster to apply for other jobs within the Agency. (*Id.*).

On October 3, 2020, Dominick filed this lawsuit against the Secretary of Homeland Security as the head of the Department of Homeland Security and thus, indirectly, responsible for FEMA. Dominick sues FEMA under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that she was the victim of race-based rightsizing.

## II.     Legal Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in

the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added)).

### III.     Legal Analysis

In this lawsuit under Title VII, Dominick complains that she was the victim of race-based "rightsizing" when FEMA terminated her employment – and that of Harpster, another White female – while retaining a Black female employee in the same position. FEMA agrees that while Dominick can establish a *prima facie* case of discrimination, she cannot establish that FEMA's reason for her termination was a pretext for race.

Dominick carries the initial burden under Title VII of establishing a *prima facie* case of racial discrimination. To establish a *prima facie* case of discrimination under Title VII, a plaintiff may prove her claim either through direct evidence, statistical proof, or the test established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonnell Douglas* test requires the plaintiff to show: (1) she was a member of a protected class, (2) she was qualified for the position she lost, (3) she suffered an adverse employment action, and (4) that others similarly situated were more favorably treated. *See Geier v. Medtronic, Inc.*, 99 F.3d 238, 241 (7th Cir. 1996) (citing *McDonnell Douglas*, 411 U.S.

6

at 802). Once the employer articulates a legitimate, nondiscriminatory reason for the employment action, however, the scheme of shifting burdens and presumptions "simply drops out of the picture," and "the trier of fact proceeds to decide the ultimate question: whether plaintiff has proved 'that the defendant intentionally discriminated against [her]' because of [her] race." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993) (internal citation omitted). The burden thus shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's termination. *Id.* at 509-10.

Here, FEMA maintains that Dominick cannot rebut the presumption that it terminated her for a nondiscriminatory reason – *i.e.*, the rightsizing. Dominick counters with only one argument – that she needs more time for discovery to respond adequately to the motion for summary judgment.

Before reaching the merits, such as they are, the Court first notes that this motion was filed April 22, 2021. (Rec. doc. 15). Shortly thereafter, Plaintiff's counsel asked counsel for FEMA if he would be amenable to a 30-day continuation of the submission date originally set for May 12, 2021. (Rec. doc. 21-1). Counsel for FEMA agreed and even suggested continuing the submission date for approximately two months, for the express purpose of allowing enough time for "the parties to hash out and deal with [Dominick's] intended course of discovery." (*Id.*). Despite receiving said continuance, Dominick never noticed a deposition, served any written discovery, or initiated any discussions about her desire to conduct discovery until July 2, 2021, four days before her opposition to this motion was due to be filed. (Rec. doc. 18-2).

Turning to the merits of the motion, the Court first observes that Dominick fails to carry her burden of rebutting the presumption that she was terminated for a

7

nondiscriminatory reason because she effectively admits all of the materials facts asserted by FEMA. Local Rule 56.2 requires that every opposition to a motion for summary judgment include a "statement of the material facts which the opponent contends present a genuine issue." E.D. La. Loc. Civ. R. 56.2. Any facts in the moving party's statement that are not controverted are deemed admitted. *Id.*; *see also Brown v. Brown & Williamson Tobacco Corp.*, 479 F.3d 383, 387 & n.1 (5th Cir. 2007), *abrogated on other grounds by Altria Grp., Inc. v. Good*, 555 U.S. 70 (2008) (applying Local Rule 56.2 to deem admitted facts not specifically opposed in a statement of material facts); *Abbott v. United States*, No. CV 17-01604, 2018 WL 1518448, at *3 (E.D. La. Mar. 28, 2018) (same).

Here, FEMA submitted a detailed list of facts that it claimed to be undisputed, supported by citations to specific pieces of evidence in the record. (Rec. doc. 15-1). Dominick did the same, but without including any record citations. (Rec. Doc. 18-1). Her effort was so perfunctory as to essentially ignore FEMA's undisputed facts. For example, in response to FEMA's uncontested facts, Dominick states, "Disputed because the fact is not material to defendant's motion and so *no response is given to the truth or falsity* of the matter: 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37." (Rec. doc. 18-1 at p. 2) (emphasis added). The Court finds that response to be ambiguous at best and notes that it is not up to the opponent of a properly filed and supported summary judgment motion to decide what facts are "material to Defendant's motion" for the purpose of admitting or denying those facts. And, notably, Dominick's only list of disputed facts relates solely to her "need" to take additional discovery. (Rec. doc. 18-1 at pp. 1-2).

Moreover, the Court finds that, substantively, Dominick's claim that she needs more time for discovery is belied both by the comprehensive Report of Investigation (Rec. doc. 15-4) that the EEOC produced in response to her EEO complaint as well as the discovery conducted by the parties during the time the matter was pending before the EEOC. (Rec. doc. 15-1 at ¶¶ 4-7). During said discovery period, Dominick deposed each of the three management officials in her supervisory chain. (*Id.* at ¶ 7). These depositions – from Tiffany Lashawn Martin (Rec. doc. 15-12), Eddie Williams (Rec. doc. 15-14) and Albert Walters (Rec. doc. 15-13) – along with the deposition of Dominick herself taken by FEMA (Rec. doc. 15-11), belie Dominick's claim that she has not conducted discovery adequate to respond to FEMA's motion for summary judgment. Dominick's counsel not only asked questions of the management officials at their depositions, but he also examined his own client during her deposition taken by FEMA.

The transcripts of these depositions, along with substantial documentary evidence, are in the record in this case as exhibits to Defendant's motion. In suggesting that she "cannot adequately respond to defendant's motion for summary judgment absent at least the discovery [requested]," Plaintiff simply ignores (and asks the Court to ignore) the copious evidence in the record – evidence that would simply be duplicates were the Court to order Defendant to respond to Dominick's eleventh-hour written discovery requests or permit Plaintiff to re-depose witnesses who previously testified over hundreds of pages.

Motions under Rule 56(d) are "broadly favored and should be liberally granted" because the rule is designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The nonmovant, however, "may not simply rely on vague assertions

that additional discovery will produce needed, but unspecified, facts." *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980).

Notably for present purposes, a request to stay summary judgment under Rule 56(d) must "set forth a plausible basis for believing that <u>specified</u> facts, susceptible of collection within a reasonable time frame, probably exist and <u>indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion</u>." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998) (internal quotation marks and citations omitted) (emphasis added)).[2] Further, the Court may deny a Rule 56(d) motion if a party had the opportunity to conduct discovery but did not diligently pursue it. *Int'l Shortstop*, 939 F.2d 1257, 1267 (5th Cir. 1991); *see also Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017).

The declaration of Dominick's counsel – attached to her opposition – provides the Court with no specific facts that any further discovery would reveal and fails to explain why the documents in the record and discovery taken in the underlying proceeding are inadequate to oppose the pending motion. Indeed, Dominick seeks to *re-depose* two witnesses that she has already deposed – Martin and Williams. (Rec. doc. 18-4). She also

---

[2] *See also Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999) ("If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment."); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) ("The nonmoving party must show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a material fact . . .") (emphasis added).

seeks to depose a separate fact witness – Jeremy Rose. However, the record is clear[3] that Dominick has had adequate time within which to depose Rose, yet chose not to do so, which undermines her suggestion that his testimony is <u>necessary</u>.

Nor does counsel's declaration offer an explanation for why the recent discovery that she propounded on FEMA was served only two days before the submission date of the motion for summary judgment, after having received a 60-day extension to do just that. This Court simply cannot ignore that Dominick sought and obtained a continuance of the submission date of the motion yet never propounded written discovery nor noticed a deposition.

As the Fifth Circuit stated in *Baker v. American Airlines* – and as FEMA correctly notes,

> Baker's argument fails because Rule 56 does not require that any discovery take place before summary judgment can be granted. As a result, in a motion to extend the time to respond to a motion for summary judgment, the simple claim that discovery has not closed is insufficient. A trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party, but any party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showingunder Fed R. Civ. P. 56(f) [now Rule 56(d)].
> For a party to mandate relief under Rule 56(f), the party must show both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence. The . . . party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment. [Plaintiff] . . . has not made the required showing under Rule 56(f) to merit the requested relief. Moreover, another criteria for relief under Rule 56(f) is that the [plaintiff] must have exercised due diligence in discovery     "[T]he trial court need not aid non-movants who have occasioned their own predicament through sloth."   Again, [plaintiff's]

---

[3] Dominick's counsel did not contribute to that clarity when, in his opposition brief, he completely omitted any mention of his request for a 30-day extension of the submission date and opposing counsel's agreement to a longer extension for the express purpose of resolving this very discovery issue. In fact, in requesting that extension, counsel acknowledged that FEMA might not agree to a discovery plan, in which case the requested extension "affords plaintiff about 1 extra month to oppose the agency's [summary judgment] motion" – presumably without the discovery he was requesting. (Rec. doc. 21-1).

actions justify denial of the requested relief. [Plaintiff] did not initiate discovery until the last days of the allotted time. By that time, any responses were not required until after the summary judgment briefing schedule was completed. [Plaintiff] knew (or should have known) the briefing schedule and the discovery period. Nevertheless, she failed to act diligently in the pursuit of evidence. Her problem is one of her own making; Rule 56(f) [now Rule 56(d)] precludes . . . relief in this situation.

430 F.3d 750, 756 (5th Cir. 2005) (alterations added).[4]

## IV. Conclusion

Based on the Court's thorough examination of the pleadings and the exhibits and considering the controlling precedent, the Court finds that Dominick has failed to explain with any specificity why she requires discovery beyond that conducted as part of the EEOC proceeding and in any event failed to act diligently in the pursuit of such discovery. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. doc. 15) is GRANTED.

New Orleans, Louisiana, this  2nd  day of _____November_____, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] Dominick raises no merits-based arguments to FEMA's motion. This Court need not address the merits of the motion for summary judgment.

12