UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAIL DOMINICK                                                              CIVIL ACTION

VERSUS                                                                     NUMBER: 20-2713

CHAD F. WOLF, ACTING SECRETARY,                                            SECTION: "L"(5)
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY

# ORDER

Before the Court is Plaintiff's Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment. (Rec. Doc. 25). The motion is opposed. (Rec. doc. 33), and Plaintiff has filed a reply. (Rec. doc. 34). For the following reasons, however, reconsideration is **DENIED**.[1]

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985). However, the Fifth Circuit treats motions to reconsider as either a motion to alter or amend judgment pursuant to Rule 59(e) or a motion for relief from judgment pursuant to Rule 60, depending on when the motion is filed. *Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within 28 days of the court's ruling; otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id.* Here, Plaintiff filed her motion for reconsideration within 28 days of the Court's order, and the motion is thus properly considered under Rule 59(e).

---

[1] The Court notes that while Plaintiff filed a notice of appeal on January 1, 2022 (Rec. doc. 35), this Court still retains jurisdiction to decide her motion to reconsider. "If a party files a notice of appeal after the court announces or enters a judgment" but before the district court disposes of a timely motion to reconsider, the notice of appeal becomes effective "when the order disposing of the last [motion to reconsider] is entered." Fed. R. App. P. 4(a)(4)(B)(i); *Bracey v. Lancaster Foods L.L.C.*, 838 F. App'x 745, 747 (4th Cir. 2020).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to re-litigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co.*, 111 F. Supp. 2d 783, 784 (E.D. La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99–1586, 2000 WL 802865, at *2 (E.D. La. May 26, 2000).

Plaintiff has not offered this Court any reason why it should reconsider its earlier ruling. *Roque v. Brother Int'l Corp.*, No. Civ. A. 13-4778, 2013 WL 5839376, at *1 (E.D. La. Oct. 29, 2013). Plaintiff raises three arguments in favor of reconsideration that this Court will consider seriatim.

Plaintiff first argues that this Court should consider her motion for reconsideration under Rule 54(b) instead of Rule 59(e) because, although this Court granted Defendants' motion for summary judgment, it has not yet entered a "final" judgment. Rule 54(b) is less stringent than Rule 59(e). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017). The Fifth Circuit has held that Rule 59(e) governs motions to alter or amend a final judgment, while Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court – as Plaintiff cites it – to "revise[ ] at any time" "any order or other decision . . . [that] does not end the action. . ." Fed. R. Civ. P. 54(b).

The full citation, however, reads,

> Otherwise, any order or other decision, however designated, that **adjudicates fewer than all the claims or the rights and liabilities of fewer**

2

***than all the parties does not end the action as to any of the claims or parties and may be revised at any time*** before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). This Court's grant of Defendants' motion for summary judgment (Rec. doc. 24) resolved all of the claims between all of the parties in this lawsuit. It was not a ***partial*** grant against some of the parties or fewer than all the claims. By its clear and explicit language, Rule 54(b) does not apply to orders that dispose of all of Plaintiff's claims.

Plaintiff next re-litigates old arguments – namely, her Rule 56(d) request to conduct further discovery before the Court resolved Defendants' motion for summary judgment. This Court addressed this argument in its order on Defendants' motion for summary judgment. (Rec. doc. 24 at pp. 9-12). Specifically, and at the risk of repeating itself, this Court was particularly convinced by the following case law from the Fifth Circuit:

> [Plaintiff's] argument fails because ***Rule 56 does not require that any discovery take place before summary judgment can be granted.*** As a result, in a motion to extend the time to respond to a motion for summary judgment, the simple claim that discovery has not closed is insufficient. A trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party, but any party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showing under Fed R. Civ. P. 56(f) [now Rule 56(d)].
> 
> For a party to mandate relief under Rule 56(f), the party must show both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence. The . . . party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment. [Plaintiff] . . . has not made the required showing under Rule 56(f) to merit the requested relief. Moreover, another criteria for relief under Rule 56(f) is that the [plaintiff] must have exercised due diligence in discovery. . . . "[T]he trial court need not aid non-movants who have occasioned their own predicament through sloth." Again, [plaintiff's] actions justify denial of the requested relief. [Plaintiff] did not initiate discovery until the last days of the allotted time. By that time, any responses were not required until after the summary judgment briefing schedule was completed. [Plaintiff] knew (or should have known) the briefing schedule

3

and the discovery period. Nevertheless, she failed to act diligently in the pursuit of evidence. Her problem is one of her own making; Rule 56(f) [now Rule 56(d)] precludes . . . relief in this situation.

*Baker v. Am. Airlines*, 430 F.3d 750, 756 (5th Cir. 2005) (alterations and emphasis added).

Plaintiff attaches emails to her motion for reconsideration to prove that the parties had agreed to conduct no discovery during the continuance of the submission period for Defendants' motion for summary judgment – *i.e.*, approximately May through July of 2021. (Rec. doc. 25-2). These emails are wholly unconvincing because the most that they demonstrate is that Defendant's counsel was out of town for the July 4, 2021 holiday weekend. Defendant's counsel had already agreed to continue the submission date on its motion for summary judgment for approximately two months – two months during which Plaintiff could have easily propounded discovery and even asked this Court to compel Defendant to respond had it objected. Plaintiff did not do so.

Lastly, Plaintiff argues that *Chandler v. Roudebush*, 425 U.S. 840 (1976), bars this Court from granting Defendant's motion for summary judgment before first allowing Plaintiff additional discovery under Rule 54(d). In *Chandler*, the plaintiff filed an EEOC complaint against the Department of Veterans Affairs ("VA"), in which she alleged that she was not selected for a promotion because of her sex and race. *Chandler*, 425 U.S. at 842. After an administrative hearing, the VA dismissed her claims "as not 'substantiated by the evidence.'" *Id.* The plaintiff timely filed a discrimination lawsuit under Title VII in federal district court and sought discovery and depositions from the VA. *Id.* Crucially, the VA "moved for an order prohibiting discovery" based on the alleged completeness of the administrative record below. *Id.* The plaintiff objected, but the district court granted the motion, and before any discovery had been taken, entered summary judgment in favor of

4

the VA finding that "the absence of discrimination is firmly established by the clear weight of the administrative record." *Id.* at 843.

The Ninth Circuit affirmed, but the Supreme Court reversed. *Id.* The Supreme Court held that Title VII permits "a federal employee [to have] the same right to a trial de novo as private-sector employees enjoy under Title VII," and the Supreme Court remanded the case back to the district court. *Id.*

*Chandler* is inapposite for one crucial reason. There, the VA had moved to prohibit discovery, and the district court granted the motion. *Id.* Here, and as noted in this Court's original order, Defendant agreed to continue the submission date on its motion for summary judgment to allow Plaintiff adequate time to conduct discovery. (Rec. doc. 21-1). While Defendant expressed its opinion that adequate discovery had been conducted, it never opposed Plaintiff's wish to conduct further discovery and was completely amenable to further discovery:

> While, as previously represented, I have no problem with continuing the hearing on defendant's MSJ, as also previously represented, I believe this case has already been the subject of sufficient, if not considerable discovery during both the ROI and EEOC phases. If you are indeed going to persist with written discovery in addition to the "3 or 4 more depositions" as you represented during our conversation on April 22nd, then the continued date will necessarily have to be further back than June 16 for the parties to hash out and deal with your intended course of discovery.
> 
> Given that we have not yet held a Rule 26 scheduling conference, I submit that the ultimate hearing date is not critical, but then I also don't want it to disappear from the radar screen entirely. So why don't you initially continue the hearing to July 14th to give us both some breathing space . . . .

(Rec. doc. 21-1 at p. 4). This email clearly does not weigh in favor of reconsideration.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment (Rec. Doc. 25) is **DENIED**.

New Orleans, Louisiana, this  7th   day of            February           , 2022.

                                                                     **MICHAEL B. NORTH**
                                               **UNITED STATES MAGISTRATE JUDGE**